United States District Court
Northern District of California

1
2
3                    **UNITED STATES DISTRICT COURT**
4                    **NORTHERN DISTRICT OF CALIFORNIA**
5                              **SAN JOSE DIVISION**
6
7   M. L.,                                    Case No. 15-cv-02303-BLF
              Plaintiff,
8
         v.                                   **ORDER STRIKING PLAINTIFF'S CASE**
9                                             **MANAGEMENT STATEMENT AND**
    LESLIE NICHOLS, et al.,                   **OPPOSITION TO DEFENDANT**
10                                            **NICHOLS'S MOTION TO DISMISS**
              Defendants.
11                                            [Re: ECF 27, 28]
12
13       On July 14, 2015, Defendant Nichols ("Defendant") filed a motion to dismiss. *See* ECF

14  No. 16. On July 22, 2015, Plaintiff filed an opposition to the motion to dismiss. *See* ECF No. 18.

15  On July 24, 2015, this case was reassigned to this Court pursuant to a related case order. *See* ECF

16  No. 17. On August 4, 2015, Defendant filed a reply to the motion to dismiss. *See* ECF No. 21.

17  Thus, as of August 4, 2015, the motion to dismiss was fully briefed. On August 4, 2015,

18  Defendant also filed a notice acknowledging that all hearing dates had been vacated pursuant to

19  the order reassigning the case, s*ee* ECF No. 22, and on August 12, 2015, Defendant re-noticed the

20  motion hearing for October 15, 2015. *See* ECF No. 23. On August 25, 2015, Plaintiff filed a

21  second opposition to the motion to dismiss and a case management statement. *See* ECF Nos. 27,

22  28.

23       With respect to Plaintiff's second opposition to the motion to dismiss, when Defendant

24  filed the reply to the motion to dismiss, the motion was fully briefed. Once a reply is filed, Civil

25  L.R. 3-7(d) does not allow for any additional papers to be "filed without prior Court approval."

26  Although the docket entry associated with the re-notice indicated that a response due was by

27  August 26, 2015, this was incorrect as Defendant's motion to dismiss was already fully briefed.

28  *See* ECF No. 23. Accordingly, the Court STRIKES Plaintiff's second opposition to the motion to

dismiss filed at Docket 27.  The Court notes that Plaintiff's opposition to the motion to dismiss at Docket 18 remains on file.

With respect to the case management statement, when this case was transferred to this Court, all hearing dates were vacated, *see* ECF No. 17, and there is currently no case management hearing scheduled.  Under the Court's standing order, a party may file a case management statement at any time as long as it is at least seven days prior to the case management conference.  However, as the Court has indicated in prior orders, Plaintiff is a minor, and a lawyer must be retained before there are any further proceedings in this action.  *See* ECF Nos. 20, 26 (citing *Johns v. Cty. of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997) ("[A] parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer.")).  The Court's records do not indicate that an attorney has filed a notice of appearance on Plaintiff's behalf and accordingly, the Court STRIKES Plaintiff's case management statement filed at Docket 28.

The Court reminds Plaintiff's guardian ad litem, Jack Loumena, that an attorney retained by him must file a notice of appearance on or before **September 21, 2015** and Jack Loumena is forewarned that, if no lawyer makes an appearance in this case on Plaintiff's behalf by that date, then the Court may dismiss the case in its entirety without prejudice.

**IT IS SO ORDERED.**

Dated: August 26, 2015

_____
BETH LABSON FREEMAN
United States District Judge

2