UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MAX LOUMENA,<br><br>         Plaintiff,<br><br>   v.<br><br>LESLIE NICHOLS, et al.,<br><br>         Defendants. | Case No.  15-cv-02303-BLF<br><br>**ORDER DENYING LEAVE TO PROCEED** *IN FORMA PAUPERIS* **ON APPEAL**<br><br> [Re:  ECF 63] |

Before the Court is the Ninth Circuit's referral to determine whether *in forma pauperis* status should continue on appeal.  Having considered the relevant law and the record in this case, the Court hereby CERTIFIES that the appeal is not taken in good faith, and therefore DENIES Plaintiff leave to proceed *in forma pauperis* on appeal.

On May 21, 2015, Plaintiff filed a Complaint against Defendants Leslie Nichols and Walter Hammon, alleging claims under 42 U.S.C. § 1983 and seeking relief from final judgments of a state court.  *See* Complaint (ECF No. 1).  Defendants moved to dismiss the Complaint against them. (ECF Nos. 16, 33).  Plaintiff opposed Defendant Nichols' motion but did not file an opposition to Defendant Hammon's motion to dismiss.  Plaintiff also did not appear for the noticed hearing on the motions to dismiss and did not give any reason for his absence.

Before the hearing on Defendants' motions to dismiss, Plaintiff filed a motion for recusal, stating as his sole basis for relief that the undersigned had previously granted a recusal motion in an unrelated matter involving Plaintiff's mother.  Motion for Recusal (ECF No. 50).  In an Order dated December 30, 2015, the Court denied the recusal motion, explaining that "Plaintiff's conclusory mention of a prior recusal by the undersigned in a different case not involving Plaintiff, but his mother, [did] not create reasonable grounds for questioning the undersigned's impartiality."  Order Denying Plaintiff's Motion for Recusal (ECF No. 51).

On February 3, 2016, the Court dismissed the Complaint explaining that it lacked subject

matter jurisdiction under the *Rooker-Feldman* doctrine to grant the relief Plaintiff sought. *See* Order Issued February 3, 2016 Granting Defendants' Motions to Dismiss (ECF No. 57). Moreover, because the claims against Defendant Nichols, a state court judge who presided over a portion of the previous state court proceedings, had only to do with actions taken in his official capacity, the Court concluded that the judge was protected from liability under judicial immunity. *Id.* at 5–6. Because no amendment could cure these deficiencies, all claims against the judge were dismissed with prejudice, and without leave to amend. *Id.* at 7.

As to Defendant Hammon, Plaintiff's court-appointed attorney during those proceedings, the Court similarly dismissed with prejudice the claims relating to the state court orders, as they were barred under *Rooker-Feldman*. *Id.* at 6–7. The Court also dismissed Plaintiff's remaining § 1983 claims because Plaintiff failed to allege that Hammon, as Plaintiff's court-appointed attorney during the January 2015 state court proceedings, acted under color of state law. *Id.* at 7-8. Because Plaintiff did not oppose Defendant Hammon's motion, did not appear at the hearing, and the Court received no indication that Plaintiff could cure the deficiencies in his allegations against Defendant Hammon, the Court dismissed all claims against Defendant Hammon with prejudice, and without leave to amend. *Id.* at 8.

On February 22, 2016, Plaintiff filed an appeal on the Court's order granting both motions to dismiss. (ECF No. 60). "An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). The test for allowing an appeal *in forma pauperis* is easily met; the good faith requirement is satisfied if the appellant seeks review of any issue that is not frivolous. *Gardner v. Pogue,* 558 F.2d 548, 550–51 (9th Cir. 1977) (citing *Coppedge v. United States,* 369 U.S. 438, 445 (1962)) (quotation marks omitted); *see also Hooker v. American Airlines,* 302 F.3d 1091, 1092 (9th Cir. 2002) (if at least one issue or claim is non-frivolous, the appeal must proceed *in forma pauperis* as a whole). An action is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). In other words, the term "frivolous," as used in § 1915 and when applied to a complaint, "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id.*

Here, the Court finds that Plaintiff's appeal is not taken in good faith because it is frivolous. As this Court explained in its Order dismissing the Complaint, federal courts lack subject matter jurisdiction under the *Rooker-Feldman* doctrine to grant the relief Plaintiff seeks— that is, here, to overturn the final judgments of a state court. Therefore, to the extent Plaintiff seeks to appeal the state court orders, the claim lacks an arguable basis in law. Moreover, as explained above, the sole basis for relief offered in Plaintiff's recusal motion was that the undersigned previously granted a motion for recusal in an unrelated matter involving Plaintiff's mother. Plaintiff has neither submitted a legally sufficient affidavit stating the facts and reasons for the belief that a bias or prejudice exists, nor has he alleged any facts that create reasonable grounds for questioning the undersigned's impartiality towards Plaintiff. The argument that the undersigned's recusal in an unrelated matter involving Plaintiff's mother compels recusal in this case lacks an arguable basis in law and is without merit. *See Diversified Numismatics, Inc. v. City of Orlando*, 949 F.2d 382, 385 (11th Cir. 1991) ("Prior recusals, without more, do not objectively demonstrate an appearance of partiality."); *see also Cmtys. for Equity v. Michigan High Sch. Athletic Ass'n*, 459 F.3d 676, 698 (6th Cir. 2006) (rejecting the appellant's argument that simply because the judge recused himself from a prior matter, he should have also recused himself from the pending matter); *Gilbert v. City of Little Rock*, 722 F.2d 1390, 1398–99 (8th Cir. 1983) (upholding the district court's refusal to recuse where the judge had previously recused in cases involving the appellants' counsel), *cert. denied*, 466 U.S. 972 (1984); *Person v. Gen. Motors Corp.*, 730 F.Supp. 516, 518–19 (W.D.N.Y. 1990) (stating that a judge's recusal in a prior case involving a party is not alone sufficient for disqualification in a later case involving that party).

For the foregoing reasons, the Court CERTIFIES that Plaintiff's appeal is not taken in good faith and the Court DENIES Plaintiff leave to proceed *in forma pauperis* on appeal.

**IT IS SO ORDERED.**

Dated: March 1, 2016

_____
BETH LABSON FREEMAN
United States District Judge